976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles HEIZER, Defendant-Appellant.
 No. 91-2184.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1992.
 
 Before McKAY, Chief Judge, JOHN P. MOORE, Circuit Judge, and EISELE,[1] Senior District Judge.
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 Appellant appeals his conviction by a jury in the district court of three counts of willful failure to file an income tax return, in violation of 26 U.S.C. § 7203, and two counts of attempt to evade or defeat a tax, in violation of 26 U.S.C. § 7201. The three issues presented for appellate review are 1) whether the trial court committed reversible error when it instructed the jury that defendant had no Fifth Amendment right to refuse to file his income tax return; 2) whether the trial court committed reversible error when it failed to explicitly inform the jury that failing to file an income tax return does not satisfy the affirmative act element of a 26 U.S.C. § 7201 violation; and 3) whether the trial court committed reversible error when it questioned defendant about his good faith beliefs, restricted defendant's testimony regarding his good faith defense, and instructed the jury on that defense.
 
 
 2
 After thoroughly reviewing the record and briefs and hearing oral arguments on these issues, we hold that the district court did not commit reversible error as alleged by appellant. We therefore AFFIRM defendant's convictions on all counts.
 
 
 
 [1]
 Honorable G. Thomas Eisele, United States Senior District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3